S. LANE TUCKER
United States Attorney

C. CODY TIRPAK
SETH M. BEAUSANG
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: cody.tirpak@usdoj.gov
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>  vs.<br><br>RODNEY GENE GODWIN, CALVIN CHARLES OKTOLLIK, MILES ANANQIC APATIKI, JENNIFER KATHRYN GODWIN, ANDREW ZACHARIOUS AKULAW, REIGNA ANGELITA ARCHULETA, DAVID WAYNE HENRY, and PAGE TAYLOR PEAK,<br><br>                    Defendants. | No. 3:24-cr-00049-JMK-MMS<br><br>COUNT 1:<br>CONTINUING CRIMINAL ENTERPRISE<br>  Vio. of 21 U.S.C. § 848(a) and (b)<br><br>COUNT 2:<br>CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES<br>  Vio. of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (B), and (C)<br><br>COUNTS 3 AND 4:<br>POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DISTRIBUTE<br>  Vio. of 21 U.S.C. § 841(a)(1), (b)(1)(C) |

COUNT 5:
ATTEMPTED POSSESSION OF A
CONTROLLED SUBSTANCE WITH
INTENT TO DISTRIBUTE
   Vio. of 21 U.S.C. § 841(a)(1),
   (b)(1)(C)

COUNT 6:
MONEY LAUNDERING
CONSPIRACY
   Vio. of 18 U.S.C. § 1956(h)

ENHANCED STATUTORY
PENALTIES ALLEGATION:
   21 U.S.C. § 841(b)

CRIMINAL FORFEITURE
ALLEGATION 1:
   21 U.S.C. § 853(a)(1) & (2) and 28
U.S.C. § 2461(c) and Fed. R. Crim. P.
32.2(a)

CRIMINAL FORFEITURE
ALLEGATION 2:
   18 U.S.C. § 981(a)(1)(A) and 28 U.S.C.
§ 2461(c) and Fed. R. Crim. P. 32.2(a)

**INDICTMENT**

The Grand Jury charges that:

## COUNT 1

Beginning not later than about April 19, 2023, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including December 27, 2023, within the District of Alaska and elsewhere, the defendant, RODNEY GENE GODWIN, unlawfully, knowingly, and intentionally engaged in a Continuing Criminal Enterprise, in that he unlawfully, knowingly and intentionally violated 21 U.S.C. §§ 841, 846, and 848,

which violations and others, including but not limited to, the offenses charged in Counts 2-6 of this Indictment, were part of a continuing series of felony violations of Subchapters I and II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., undertaken by the defendant in concert with at least five other persons with respect to whom he occupied a position of organizer, a supervisory position, and a position of management, and from which such continuing series of violations the defendant obtained substantial income and resources.

Furthermore, the defendant, RODNEY GENE GODWIN, was a principal administrator, organizer, supervisor, and leader of the criminal enterprise, and the offense involved at least 1 kilogram of pure methamphetamine described in 21 U.S.C. § 841(b)(1)(B).

All of which is in violation of 21 U.S.C. § 848(a) and (b).

## COUNT 2

Beginning on a precise date unknown to the Grand Jury, but no later than April 19, 2023, and continuing to December 27, 2023, within the District of Alaska and elsewhere, the defendants, RODNEY GENE GODWIN, CALVIN CHARLES OKTOLLIK, MILES ANANQIC APATIKI, JENNIFER KATHRYN GODWIN, ANDREW ZACHARIOUS AKULAW, REIGNA ANGELITA ARCHULETA, DAVID WAYNE HENRY, PAGE TAYLOR PEAK, and others both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree with one another and with others both known and unknown to the Grand Jury to distribute and possess with the intent to distribute controlled substances, to wit: 1 kilogram or more of a mixture and substance

containing a detectable amount of heroin, 1 kilogram or more of a mixture and substance containing a detectable amount of methamphetamine, 3 kilograms or more of a mixture and substance containing a detectable amount of Nphenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propenamide (fentanyl), and 1 kilogram or more of a mixture and substance containing a detectable amount of cocaine.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (B), and (C) as to RODNEY GENE GODWIN and 21 U.S.C. §§ 846 and 841(a), (b)(1)(C) as to CALVIN CHARLES OKTOLLIK, MILES ANANQIC APATIKI, JENNIFER KATHRYN GODWIN, ANDREW ZACHARIOUS AKULAW, REIGNA ANGELITA ARCHULETA, DAVID WAYNE HENRY, PAGE TAYLOR PEAK.

## COUNT 3

On or about September 12, 2023, within the District of Alaska, the defendant, RODNEY GENE GODWIN, did knowingly and intentionally possess with intent to distribute methamphetamine.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

## COUNT 4

On or about September 12, 2023, within the District of Alaska, the defendant, JENNIFER KATHRYN GODWIN, did knowingly and intentionally possess with intent to distribute methamphetamine.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

## COUNT 5

Beginning on or about December 14, 2023, and continuing until on or about

December 27, 2023, within the District of Alaska, the defendant, REIGNA ANGELITA ARCHULETA, did knowingly and intentionally attempt to possess with intent to distribute heroin.

All of which is in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

## COUNT 6

Beginning on or about a date unknown but by at least April 19, 2023, and continuing through December 27, 2023, within the District of Alaska and elsewhere, the defendants, RODNEY GENE GODWIN, MILES ANANQIC APATIKI, and others both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the grand jury to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, the unlawful distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1), with the intent to promote the carrying on of the unlawful distribution of controlled substances, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, the unlawful distribution of a

Page 5 of 10
Case 3:24-cr-00049-TMB-MMS   Document 4   Filed 05/23/24   Page 5 of 10

controlled substance in violation of 21 U.S.C. § 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

All of which is in violation of 18 U.S.C. § 1956(h).

ENHANCED STATUTORY PENALTIES ALLEGATION

Before the defendant, RODNEY GENE GODWIN, committed the offenses charged in Counts 1 and 2 of this case, he had two final convictions for serious drug felonies, to wit:

- Misconduct Involving Controlled Substance in the Third Degree (Possession with Intent to Distribute), in the Superior Court of Alaska, case number 3KN-14-00241CR; and

- Drug Conspiracy, in the United States District Court for the District of Alaska, case number 3:21-cr-00054-JMK;

for each of which he served a term of imprisonment of more than 12 months and for each of which his release from such term of imprisonment was within 15 years of the commencement of the offenses charged in Counts 1 and 2.

//

//

CRIMINAL FORFEITURE ALLEGATION 1

The allegations contained in Counts 1-5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. §§ 853(a)(1) and (2), and 28 U.S.C. § 2461(c).

Pursuant to 21 U.S.C. §§ 853(a)(1) and (2), upon conviction of an offense in violation of 21 U.S.C. §§ 841 and 848, the defendants, RODNEY GENE GODWIN, CALVIN CHARLES OKTOLLIK, MILES ANANQIC APATIKI, JENNIFER KATHRYN GODWIN, ANDREW ZACHARIOUS AKULAW, REIGNA ANGELITA ARCHULETA, DAVID WAYNE HENRY, and PAGE TAYLOR PEAK, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including a forfeiture money judgment equal to the value of the property; the property to be forfeited includes, but is not limited to:

1. Approximately $3,974 in U.S. currency;
2. Approximately $14,014 in U.S. currency;
3. Smith & Wesson M&P handgun 10mm SN: NME3229;
4. Smith & Wesson 59 9mm pistol SN: A651393;
5. Sig Sauer SP2022 .50 pistol, SN: 24B340690;
6. Plumcrazy C15 556 rifle SN: RM08656;
7. Smith & Wesson M&P 22 caliber rifle SN: HBR0749;
8. Maverick Arms 88 12g shotgun with SN: MV21541K;

9. AR ghost gun rifle SN: none, seized on or about September 12, 2023;

10. Henry Repeating rifle H006 big boy 44c SN: RM08656;

11. Winchester shotgun 1300 ranger 12g SN: L2779816;

12. Remington Arms 870 shotgun 12g SN: T482855V;

13. Chongqing Jianshe M12AK SN: MK2007508;

14. HS Produkt XD45 handgun SN: BA665174;

15. Sig Sauer P238 .380 pistol SN: 27B262180;

16. Approximately $192,834 in U.S. currency;

17. Approximately $29,791 in U.S. currency;

18. AR15 ghost gun rifle SN: none, seized on or about September 12, 2023;

19. Springfield Armory (HS Produkt) Pistol, Model: XDE-45, Caliber: .45 ACP, Serial No. HE105150;

20. Ruger SR22P, SN: 364-49873;

21. Sig Sauer P229, SN: AL62510;

22. F.lli Pietta Fabrica D'arm .45 Revolver, SN E51405;

23. Approximately $21,000 in U.S. currency;

24. Any and all associated magazines and ammunition.

If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

All pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## CRIMINAL FORFEITURE ALLEGATION 2

The allegations contained in Count 6 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

Upon conviction of any of the offenses in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i), as set forth in Count 6 of this Indictment, the defendants, RODNEY GENE GODWIN and MILES ANANQIC APATIKI shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i), and 1956(a)(1)(B)(i), or any property traceable to such property, including a forfeiture money judgment equal to the value of the property.

If any of the property described above, as a result of any act or omission of the defendants:

f. cannot be located upon the exercise of due diligence;

g. has been transferred or sold to, or deposited with, a third party;

h. has been placed beyond the jurisdiction of the court;

i. has been substantially diminished in value; or

j. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

All pursuant to 18 U.S.C. § 981(a)(1)(A), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

<u>s/ Grand Jury Foreperson</u>
GRAND JURY FOREPERSON

<u>s/ C. Cody Tirpak</u>
C. CODY TIRPAK
Assistant U.S. Attorney
United States of America

<u>s/ S. Lane Tucker</u>
S. LANE TUCKER
United States Attorney
United States of America

DATE: <u>  May 22, 2024  </u>